FILED
2023 Aug-16  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **CADENCE BANK, successor by merger to BancorpSouth Bank, a Mississippi state chartered bank,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MONROE PARK PROPERTIES LLC, an Alabama limited liability company, H4IT BIRMINGHAM, LLC, an Alabama limited liability company, PAUL MONROE MIELKE III, CODY CUMMINGS, BENJAMIN M. KINNEY, and CHRISTOPHER P. SUAREZ,** | ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO.** _____ |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the plaintiff, CADENCE BANK, successor by merger to BancorpSouth Bank, a Mississippi state chartered bank ("Cadence"), and for its complaint against defendants MONROE PARK PROPERTIES LLC, an Alabama limited liability company ("Monroe Park"), H4IT BIRMINGHAM, LLC, an Alabama limited liability company ("H4IT"), PAUL MONROE MIELKE III ("Mielke"), CODY CUMMINGS ("Cummings"), BENJAMIN M. KINNEY ("Kinney"), and CHRISTOPHER P. SUAREZ ("Suarez" and, together with Mielke, Cummings, and Kinney, the "Guarantors"), and states as follows:

4884-1694-2198.2

## Parties and Venue

1.     Plaintiff Cadence, successor by merger to BancorpSouth Bank, is a state banking corporation organized under the laws of the State of Mississippi with dual headquarters in Tupelo, Mississippi and Houston, Texas.

2.     Defendant Monroe Park is an Alabama limited liability company with its principal place of business and main office in Birmingham, Alabama. Defendants Mielke and Cummings are the sole members of Monroe Park.

3.      Defendant H4IT is an Alabama limited liability company.  Upon information and belief, H4IT's principal place of business and main office is in Bellingham, Washington.  Defendants Kinney and Suarez are the sole members of H4IT.

4.     Defendant Mielke is an adult citizen of the State of Alabama residing in Montgomery County, Alabama.

5.     Defendant Cummings is an adult citizen of the State of Alabama residing in Chilton County, Alabama.

6.     Defendant Kinney is an adult citizen of the State of Washington residing in Whatcom County, Washington.

7.     Defendant Suarez is an adult citizen of the State of Oregon residing in Washington County, Oregon.

4884-1694-2198.2

8.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

9.    Venue is proper pursuant to 28 U.S.C. § 1391.  Further, each of the Defendants has consented to jurisdiction in this Court.

10.    Each of the Defendants has waived the right to trial by jury.

### Facts

### Loan 1 from Cadence to Monroe Park

11.    Pursuant to that certain *Construction Loan Agreement and Assignment of Project Documents* dated June 30, 2021 (the "Loan 1 Loan Agreement"), Cadence made a loan to Monroe Park in the principal amount of $68,000.00 ("Loan 1").  A true and correct copy of the Loan 1 Loan Agreement is attached hereto as **Exhibit A** and incorporated by reference herein.

12.    Loan 1 is further evidenced by, among other documents, that certain *Construction Note* executed by Monroe Park to the order of Cadence in the stated principal amount of $68,000.00, together with interest as provided therein, dated June 30, 2021 (the "Loan 1 Note").  A true and correct copy of the Loan 1 Note is attached hereto as **Exhibit B** and incorporated by reference herein.

13.    As set forth in the Loan 1 Note, Monroe Park agreed to pay consecutive monthly payments of interest commencing on July 30, 2021 (the

"<u>Loan 1 Monthly Installments</u>"), and continuing on the same day of each month thereafter until maturity on December 30, 2022 (the "<u>Loan 1 Maturity Date</u>"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 1 Note.

14.    In addition to late charges for late payments made under the Loan 1 Note, the Loan 1 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 1 Note or in connection with the enforcement of, or realization on, any security for the Loan 1 Note, including, without limitation, reasonable attorneys' fees and expenses.

15.    Loan 1 is secured by, among other things, real property in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* executed by Monroe Park, as mortgagor, in favor of Cadence, as mortgagee, dated June 30, 2021, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2021078234 (the "<u>Loan 1 Mortgage</u>").  A true and correct copy of the Loan 1 Mortgage is attached hereto as **Exhibit C** and incorporated by reference herein.

16.    Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated June 30, 2021 (the "<u>Mielke Guaranty 1</u>"), Mielke absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to

Cadence.  A true and correct copy of the Mielke Guaranty 1 is attached hereto as **Exhibit D** and incorporated by reference herein.

17.    Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated June 30, 2021 (the "Cummings Guaranty 1", and together with the Loan 1 Loan Agreement, the Loan 1 Note, the Loan 1 Mortgage, the Mielke Guaranty 1, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 1, the "Loan 1 Loan Documents"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 1 is attached hereto as **Exhibit E** and incorporated by reference herein.

## Loan 2 from Cadence to Monroe Park

18.    Pursuant to that certain *Credit Agreement* between Cadence and Monroe Park dated December 23, 2021 (the "Loan 2 Loan Agreement"), Cadence made a loan to Monroe Park in the principal amount of $205,600.00 ("Loan 2").  A true and correct copy of the Loan 2 Loan Agreement is attached hereto as **Exhibit F** and incorporated by reference herein.

19.    Loan 2 is further evidenced by, among other documents, that certain *Promissory Note* executed by Monroe Park to the order of Cadence in the principal amount of $205,600.00, together with interest as provided therein, dated December

23, 2021 (the "Loan 2 Note").  A true and correct copy of the Loan 2 Note is attached hereto as **Exhibit G** and incorporated by reference herein.

20.    As set forth in the Loan 2 Loan Agreement, as incorporated into the Loan 2 Note, Monroe Park agreed to pay consecutive monthly payments of interest commencing January 23, 2022 and continuing through and including December 23, 2022, and then consecutive monthly payments of principal and interest commencing January 23, 2023 (the "Loan 2 Monthly Installments"), continuing on the same day of each month thereafter until maturity on December 23, 2041 (the "Loan 2 Maturity Date"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 2 Note.

21.    In addition to late charges and default interest for late payments under the Loan 2 Note, the Loan 2 Loan Agreement provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 2 Note or in connection with the enforcement of, or realization on, any security for the Loan 2 Note, including, without limitation, reasonable attorneys' fees and expenses.

22.    Loan 2 is secured by, among other things, real property located in Jefferson County, Alabama pursuant to that certain *Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing* executed by Monroe Park, Kinney, and Suarez, as mortgagor, in favor of Cadence, as mortgagee, dated December 23, 2021, as recorded in the Office of the Judge of Probate of Jefferson

6

County, Alabama, as Instrument No. 2021145798 (the "Loan 2 Mortgage"). A true and correct copy of the Loan 2 Mortgage is attached hereto as **Exhibit H** and incorporated by reference herein.

23.     Pursuant to that certain *Guaranty* executed by Mielke, Cummings, Kinney and Suarez in favor of Cadence dated December 23, 2021 (the "Joint Guaranty" and, together with the Loan 2 Loan Agreement, the Loan 2 Note, the Loan 2 Mortgage, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 2, the "Loan 2 Loan Documents"), each of Mielke, Cummings, Kinney and Suarez, jointly and severally, and absolutely and unconditionally, guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence. A true and correct copy of the Joint Guaranty is attached hereto as **Exhibit I** and incorporated by reference herein.

24.     In the Joint Guaranty, each guarantor consented to jurisdiction in the State and Federal courts in Jefferson County, Alabama.

### Loan 3 from Cadence to Monroe Park

25.     Pursuant to that certain *Construction Loan Agreement and Assignment of Project Documents* dated January 7, 2022 (the "Loan 3 Loan Agreement"), Cadence made a loan to Monroe Park in the principal amount of $115,200.00

("Loan 3").  A true and correct copy of the Loan 3 Loan Agreement is attached hereto as **Exhibit J** and incorporated by reference herein.

26.    Loan 3 is further evidenced by, among other documents, that certain *Construction Note* executed by Monroe Park to the order of Cadence in the principal amount of $115,200.00, together with interest as provided therein, dated January 7, 2022 (the "Loan 3 Note").  A true and correct copy of the Loan 3 Note is attached hereto as **Exhibit K** and incorporated by reference herein.

27.    As set forth in the Loan 3 Note, Monroe Park agreed to pay consecutive monthly payments of interest commencing on February 7, 2022 (the "Loan 3 Monthly Installments"), and continuing on the same day of each month thereafter until maturity on July 7, 2023 (the "Loan 3 Maturity Date"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 3 Note.

28.    In addition to late charges for late payments made under the Loan 3 Note, the Loan 3 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 3 Note or in connection with the enforcement of, or realization on, any security for the Loan 3 Note, including, without limitation, reasonable attorneys' fees and expenses.

29.    Loan 3 is secured by, among other things, real property located in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage,*

8

*Security Agreement and Assignment of Leases and Rents* executed by Monroe Park, Suarez, and Kinney, as mortgagor, in favor of Cadence, as mortgagee, dated January 7, 2022, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2022003583 (the "Loan 3 Mortgage").  A true and correct copy of the Loan 3 Mortgage is attached hereto as **Exhibit L** and incorporated by reference herein.

30.     Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated January 7, 2022 (the "Mielke Guaranty 3"), Mielke absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Mielke Guaranty 3 is attached hereto as **Exhibit M** and incorporated by reference herein.

31.     Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated January 7, 2022 (the "Cummings Guaranty 3"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 3 is attached hereto as **Exhibit N** and incorporated by reference herein.

32.     Pursuant to that certain *Unlimited Guaranty* executed by Kinney in favor of Cadence dated January 7, 2022 (the "Kinney Guaranty 2"), Kinney

9

absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence. A true and correct copy of the Kinney Guaranty 2 is attached hereto as **Exhibit O** and incorporated by reference herein.

33.     Pursuant to that certain *Unlimited Guaranty* executed by Suarez in favor of Cadence dated January 7, 2022 (the "Suarez Guaranty 2", and together with the Loan 3 Loan Agreement, the Loan 3 Note, the Loan 3 Mortgage, the Mielke Guaranty 3, the Cummings Guaranty 3, the Kinney Guaranty 2, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 3, the "Loan 3 Loan Documents"), Suarez absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence. A true and correct copy of the Suarez Guaranty 2 is attached hereto as **Exhibit P** and incorporated by reference herein.

### Loan 4 from Cadence to Monroe Park

34.     Cadence made a loan to Monroe Park in the principal amount of $108,000.00 ("Loan 4"), as evidenced by, among other documents, that certain *One Year Adjustable Term Note* executed by Monroe Park to the order of Cadence in the principal amount of $108,000.00, together with interest as provided therein,

dated January 28, 2022 (the "Loan 4 Note").  A true and correct copy of the Loan 4 Note is attached hereto as **Exhibit Q** and incorporated by reference herein.

35.    As set forth in the Loan 4 Note, Monroe Park agreed to pay consecutive monthly payments of principal and interest commencing on February 27, 2022 (the "Loan 4 Monthly Installments"), and continuing on the same day of each month thereafter until maturity on January 27, 2042 (the "Loan 4 Maturity Date"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 4 Note.

36.    In addition to late charges for late payments made under the Loan 4 Note, the Loan 4 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 4 Note or in connection with the enforcement of, or realization on, any security for the Loan 4 Note, including, without limitation, reasonable attorneys' fees and expenses.

37.    Loan 4 is secured by, among other things, real estate located in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* executed by Monroe Park and H4IT, as mortgagor, in favor of Cadence, as mortgagee, dated January 28, 2022, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2022012678 (the "Loan 4 Mortgage").  A true and

correct copy of the Loan 4 Mortgage is attached hereto as **Exhibit R** and incorporated by reference herein.

38.    Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated January 28, 2022 (the "Mielke Guaranty 4"), Mielke absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Mielke Guaranty 4 is attached hereto as **Exhibit S** and incorporated by reference herein.

39.    Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated January 28, 2022 (the "Cummings Guaranty 4"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 4 is attached hereto as **Exhibit T** and incorporated by reference herein.

40.    Pursuant to that certain *Unlimited Guaranty* executed by Kinney in favor of Cadence dated January 28, 2022 (the "Kinney Guaranty 3"), Kinney absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Kinney Guaranty 3 is attached hereto as **Exhibit U** and incorporated by reference herein.

41.    Pursuant to that certain *Unlimited Guaranty* executed by Suarez in favor of Cadence dated January 28, 2022 (the "Suarez Guaranty 3", and together with the Loan 4 Note, the Loan 4 Mortgage, the Mielke Guaranty 4, the Cummings Guaranty 4, the Kinney Guaranty 3, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 4, the "Loan 4 Loan Documents"), Suarez absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Suarez Guaranty 3 is attached hereto as **Exhibit V** and incorporated by reference herein.

### Loan 5 from Cadence to Monroe Park

42.    Cadence made a loan to Monroe Park in the principal amount of $48,000.00 ("Loan 5"), as evidenced by, among other documents, that certain *One Year Adjustable Term Note* executed by Monroe Park to the order of Cadence in the principal amount of $48,000.00, together with interest as provided therein, dated February 2, 2022 (the "Loan 5 Note").  A true and correct copy of the Loan 5 Note is attached hereto as **Exhibit W** and incorporated by reference herein.

43.    As set forth in the Loan 5 Note, Monroe Park agreed to pay consecutive monthly payments of principal and interest  commencing on March 4, 2022 (the "Loan 5 Monthly Installments"), and continuing on the same day of each month thereafter until maturity on February 4, 2042 (the "Loan 5 Maturity Date"),

on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 5 Note.

44.    In addition to late charges for late payments made under the Loan 5 Note, the Loan 5 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 5 Note or in connection with the enforcement of, or realization on, any security for the Loan 5 Note, including, without limitation, reasonable attorneys' fees and expenses.

45.    Loan 5 is secured by, among other things, real estate located in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* executed by Monroe Park and H4IT, as mortgagor, in favor of Cadence, as mortgagee, dated February 2, 2022, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2022015496 (the "Loan 5 Mortgage").  A true and correct copy of the Loan 5 Mortgage is attached hereto as **Exhibit X** and incorporated by reference herein.

46.    Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated February 2, 2022 (the "Mielke Guaranty 5"), Mielke absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to

14

Cadence.  A true and correct copy of the Mielke Guaranty 5 is attached hereto as **Exhibit Y** and incorporated by reference herein.

47.    Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated February 2, 2022 (the "Cummings Guaranty 5"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 5 is attached hereto as **Exhibit Z** and incorporated by reference herein.

48.    Pursuant to that certain *Unlimited Guaranty* executed by Kinney in favor of Cadence dated February 2, 2022 (the "Kinney Guaranty 4"), Kinney absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Kinney Guaranty 4 is attached hereto as **Exhibit AA** and incorporated by reference herein.

49.    Pursuant to that certain *Unlimited Guaranty* executed by Suarez in favor of Cadence dated February 2, 2022 (the "Suarez Guaranty 4", and together with the Loan 5 Note, the Loan 5 Mortgage, the Mielke Guaranty 5, the Cummings Guaranty 5, the Kinney Guaranty 4, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 5, the "Loan 5 Loan Documents"), Suarez absolutely and unconditionally guaranteed the full and punctual payment of

all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Suarez Guaranty 4 is attached hereto as **Exhibit BB** and incorporated by reference herein.

### Loan 6 from Cadence to Monroe Park

50.     Pursuant to that certain *Construction Loan Agreement and Assignment of Project Documents* dated May 2, 2022 (the "Loan 6 Loan Agreement"), Cadence made a loan to Monroe Park in the principal amount of $152,800.00 ("Loan 6").  A true and correct copy of the Loan 6 Loan Agreement is attached hereto as **Exhibit CC** and incorporated by reference herein.

51.     Loan 6 is further evidenced by, among other documents, that certain *Construction Note* executed by Monroe Park to the order of Cadence in the stated principal amount of $152,800.00, together with interest as provided therein, dated May 2, 2022 (the "Loan 6 Note").  A true and correct copy of the Loan 6 Note is attached hereto as **Exhibit DD** and incorporated by reference herein.

52.     As set forth in the Loan 6 Note, Monroe Park agreed to pay consecutive monthly payments of interest commencing on June 1, 2022 (the "Loan 6 Monthly Installments"), and continuing on the same day of each month thereafter until maturity on November 1, 2023 (the "Loan 6 Maturity Date"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 6 Note.

53.    In addition to late charges for late payments made under the Loan 6 Note, the Loan 6 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 6 Note or in connection with the enforcement of, or realization on, any security for the Loan 6 Note, including, without limitation, reasonable attorneys' fees and expenses.

54.    Loan 6 is secured by, among other things, real estate in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* executed by Monroe Park, as mortgagor, in favor of Cadence, as mortgagee, dated May 2, 2022, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2022054328 (the "Loan 6 Mortgage").  A true and correct copy of the Loan 6 Mortgage is attached hereto as **Exhibit EE** and incorporated by reference herein.

55.    Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated May 2, 2022 (the "Mielke Guaranty 6"), Mielke absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Mielke Guaranty 6 is attached hereto as **Exhibit FF** and incorporated by reference herein.

56.    Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated May 2, 2022 (the "Cummings Guaranty 6", and together

4884-1694-2198.2

with the Loan 6 Loan Agreement, the Loan 6 Note, the Loan 6 Mortgage, the Mielke Guaranty 6, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 6, the "Loan 6 Loan Documents"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 6 is attached hereto as **Exhibit GG** and incorporated by reference herein.

### Loan 7 from Cadence to Monroe Park

57.     Pursuant to that certain *Construction Loan Agreement and Assignment of Project Documents* dated May 19, 2022 (the "Loan 7 Loan Agreement"), Cadence made a loan to Monroe Park in the principal amount of $104,000.00 ("Loan 7" and, together with Loan 1, Loan 2, Loan 3, Loan 4, Loan 5, Loan 6 and Loan 7, the "Loans").  A true and correct copy of the Loan 7 Loan Agreement is attached hereto as **Exhibit HH** and incorporated by reference herein.

58.     Loan 7 is further evidenced by, among other documents, that certain *Construction Note* executed by Monroe Park to the order of Cadence in the stated principal amount of $104,000.00, together with interest as provided therein, dated May 19, 2022 (the "Loan 7 Note").  A true and correct copy of the Loan 7 Note is attached hereto as **Exhibit II** and incorporated by reference herein.

4884-1694-2198.2

59.    As set forth in the Loan 7 Note, Monroe Park agreed to pay consecutive monthly payments of interest commencing on June 16, 2022 (the "Loan 7 Monthly Installments"), and continuing on the same day of each month thereafter until maturity on November 16, 2023 (the "Loan 7 Maturity Date"), on which date Monroe Park agreed to pay all outstanding principal plus all accrued interest owing under the Loan 7 Note.

60.    In addition to late charges for late payments made under the Loan 7 Note, the Loan 7 Note provides that Cadence is entitled to recover costs of collection of all amounts owing under the Loan 7 Note or in connection with the enforcement of, or realization on, any security for the Loan 7 Note, including, without limitation, reasonable attorneys' fees and expenses.

61.    Loan 7 is secured by, among other things, real estate in Jefferson County, Alabama pursuant to that certain *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* executed by Monroe Park, as mortgagor, in favor of Cadence, as mortgagee, dated May 19, 2022, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 2022058462 (the "Loan 7 Mortgage").  A true and correct copy of the Loan 7 Mortgage is attached hereto as **Exhibit JJ** and incorporated by reference herein.

62.    Pursuant to that certain *Unlimited Guaranty* executed by Mielke in favor of Cadence dated May 19, 2022 (the "Mielke Guaranty 7"), Mielke

absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Mielke Guaranty 7 is attached hereto as **Exhibit KK** and incorporated by reference herein.

63.      Pursuant to that certain *Unlimited Guaranty* executed by Cummings in favor of Cadence dated May 19, 2022 (the "Cummings Guaranty 7", and together with the Loan 7 Loan Agreement, the Loan 7 Note, the Loan 7 Mortgage, the Mielke Guaranty 7, and all other documents or instruments evidencing, securing and/or guaranteeing Loan 7, the "Loan 7 Loan Documents"; and the Loan 7 Documents together with the Loan 1 Loan Documents, the Loan 2 Loan Documents, the Loan 3 Loan Documents, the Loan 4 Loan Documents, the Loan 5 Loan Documents, and the Loan 6 Loan Documents, the "Loan Documents"), Cummings absolutely and unconditionally guaranteed the full and punctual payment of all indebtedness, and the due performance of all obligations, owing by Monroe Park to Cadence.  A true and correct copy of the Cummings Guaranty 7 is attached hereto as **Exhibit LL** and incorporated by reference herein.

## Defaults Under The Loans

64.      Monroe Park defaulted under the Loan 1 Loan Documents for, among other reasons, failing to pay the entire indebtedness owing under the Loan 1 Note at maturity on December 22, 2022, failing to maintain the insurance required under

the Loan 1 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the Loan 1 Mortgage for years 2021 and 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 1 Defaults").

65.    Monroe Park defaulted under the Loan 2 Loan Documents for, among other reasons, failing to maintain the insurance required under the Loan 2 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the Loan 2 Mortgage for year 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 2 Defaults").

66.    Monroe Park defaulted under the Loan 3 Loan Documents for, among other reasons, failing to maintain the insurance required under the Loan 3 Mortgage and cross-defaults resulting from defaults under the other Loans (the "Loan 3 Defaults").

67.    Monroe Park defaulted under the Loan 4 Loan Documents for, among other reasons, failing to maintain the insurance required under the Loan 4 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the Loan 4 Mortgage for year 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 4 Defaults").

68.    Monroe Park defaulted under the Loan 5 Loan Documents for, among other reasons, failing to maintain the insurance required under the Loan 5 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the

Loan 5 Mortgage for year 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 5 Defaults").

69.     Monroe Park defaulted under the Loan 6 Loan Documents for, among other reasons, failing to pay the monthly installments as and when due under the Loan 6 Note, failing to maintain the insurance required under the Loan 6 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the Loan 6 Mortgage for years 2021 and 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 6 Defaults").

70.     Monroe Park defaulted under the Loan 7 Loan Documents for, among other reasons, failing to pay the monthly installments as and when due under the Loan 7 Note, failing to maintain the insurance required under the Loan 7 Mortgage, failing to pay ad valorem taxes on the real estate collateral subject to the Loan 7 Mortgage for year 2022, and cross-defaults resulting from defaults under the other Loans (the "Loan 7 Defaults" and, together with the Loan 1 Defaults, the Loan 2 Defaults, the Loan 3 Defaults, the Loan 4 Defaults, the Loan 5 Defaults and the Loan 6 Defaults, the "Loan Defaults").

**Default Notices, Obligors' Failure to Cure, and Acceleration**

71.     By letter from Cadence dated June 15, 2023 ("Default Notice 1"), Cadence notified Borrower, Mielke and Cummings of the Loan 1 Defaults, the Loan 6 Defaults, and the Loan 7 Defaults and demanded cure of the same within

ten (10) days.  A true and correct copy of Default Notice 1 is attached hereto as **Exhibit MM** and incorporated by reference herein.

72.    By separate letter from Cadence dated June 15, 2023 (the "Default Notice 2" and, together with Default Notice 1, the "Default Notices"), Cadence notified Borrower, Mielke, Cummings, Kinney and Suarez of the Loan 2 Defaults, the Loan 3 Defaults, the Loan 4 Defaults, and the Loan 5 Defaults and demanded cure of the same within ten (10) days. A true and correct copy of the Default Notice 2 is attached hereto as **Exhibit NN** and incorporated by reference herein.

73.    Following issuance of Default Notices, Cummings and Mielke provided Default Notice 1 to Kinney and Suarez, or to representatives of Kinney and Suarez, and had discussions regarding the same.

74.    On June 21, 2023, and at the request of in-house counsel for Kinney and Suarez ("K&S In-House Counsel"), Cadence provided payoff amounts for all of the Loans to K&S In-House Counsel, along with various Loan Documents and other documents of record from Jefferson County Probate.

75.    On June 29, 2023, Cadence notified Mielke, Cummings and K&S In-House Counsel that the 10 day deadline set forth in the Default Notices had passed, that the Loan Defaults set forth in the Default Notices had not been cured, and that acceleration notices would be issued shortly.

76.    Despite the Default Notices and demands therein, the Loan Defaults were not cured within ten (10) days of the Default Notices.  Accordingly, by letters from Cadence dated June 30, 2023, which were sent to Monroe Park, Mielke, Cummings, and K&S In-House Counsel, Cadence accelerated all indebtedness owing under each of the Loans and the corresponding Loan Documents (the "Acceleration Notices").  True and correct copies of the Acceleration Notices are attached hereto as **Exhibit OO** and incorporated by reference herein.

77.    Neither Monroe Park nor any of the Guarantors has paid the full indebtedness owing under each of the Loans and the corresponding Loan Documents, which is immediately due and owing to Cadence.

### Balances Owing Under the Loans

78.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 1 Note is $68,100.00, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 1 Note, and other legally-recoverable amounts.

79.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 2 Note is $198,941.30, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses

incurred by Cadence in collecting the indebtedness owing under the Loan 2 Note, and other legally-recoverable amounts.

80.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 3 Note is $78,000.00, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 3 Note, and other legally-recoverable amounts.

81.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 4 Note is $102,542.87, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 4 Note, and other legally-recoverable amounts.

82.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 5 Note is $45,589.80, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 5 Note, and other legally-recoverable amounts.

83.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 6 Note is $152,800.00, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses

incurred by Cadence in collecting the indebtedness owing under the Loan 6 Note, and other legally-recoverable amounts.

84.    As of August 14, 2023, the principal indebtedness due and owing under the Loan 7 Note is $104,000.00, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 7 Note, and other legally-recoverable amounts.

### Count 1 – Breach of Contract
### (Monroe Park - Loan 1 Note)

85.    Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 84.

86.    The Loan 1 Note is a valid and binding contract.

87.    Cadence has performed its obligations under the Loan 1 Note.

88.    Monroe Park is in default under the Loan 1 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 1 Note despite written demand from Cadence.

89.    As a consequence of Monroe Park's default under the Loan 1 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $68,100.00, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees

and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 1 Note, and other legally recoverable amounts. Cadence prays for such other and further relief as this Court deems appropriate.

### Count 2 – Breach of Contract
**(Monroe Park - Loan 2 Note)**

90.     Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 89.

91.     The Loan 2 Note is a valid and binding contract.

92.     Cadence has performed its obligations under the Loan 2 Note.

93.     Monroe Park is in default under the Loan 2 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 2 Note despite written demand from Cadence.

94.     As a consequence of Monroe Park's default under the Loan 2 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $198,941.30, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 2 Note, and other legally recoverable amounts. Cadence prays for such other and further relief as this Court deems appropriate.

27

## Count 3 – Breach of Contract
### (Monroe Park - Loan 3 Note)

95.     Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 94.

96.     The Loan 3 Note is a valid and binding contract.

97.     Cadence has performed its obligations under the Loan 3 Note.

98.     Monroe Park is in default under the Loan 3 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 3 Note despite written demand from Cadence.

99.     As a consequence of Monroe Park's default under the Loan 3 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $78,000.00, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 3 Note, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

## Count 4 – Breach of Contract
### (Monroe Park - Loan 4 Note)

100.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 99.

4884-1694-2198.2

101.    The Loan 4 Note is a valid and binding contract.

102.    Cadence has performed its obligations under the Loan 4 Note.

103.    Monroe Park is in default under the Loan 4 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 4 Note despite written demand from Cadence.

104.    As a consequence of Monroe Park's default under the Loan 4 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $102,542.87, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 4 Note, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

## Count 5 – Breach of Contract
### (Monroe Park - Loan 5 Note)

105.    Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 104.

106.    The Loan 5 Note is a valid and binding contract.

107.    Cadence has performed its obligations under the Loan 5 Note.

108.   Monroe Park is in default under the Loan 5 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 5 Note despite written demand from Cadence.

109.   As a consequence of Monroe Park's default under the Loan 5 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $45,589.80, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 5 Note, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

### Count 6 – Breach of Contract
### (Monroe Park - Loan 6 Note)

110.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 109.

111.   The Loan 6 Note is a valid and binding contract.

112.   Cadence has performed its obligations under the Loan 6 Note.

113.   Monroe Park is in default under the Loan 6 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 6 Note despite written demand from Cadence.

4884-1694-2198.2

114.  As a consequence of Monroe Park's default under the Loan 6 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $152,800.00, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 6 Note, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

**<u>Count 7 – Breach of Contract</u>**
**(Monroe Park - Loan 7 Note)**

115.  Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 114.

116.  The Loan 7 Note is a valid and binding contract.

117.  Cadence has performed its obligations under the Loan 7 Note.

118.  Monroe Park is in default under the Loan 7 Note for, among other reasons, have failed to pay the indebtedness due and owing to Cadence under the Loan 6 Note despite written demand from Cadence.

119.  As a consequence of Monroe Park's default under the Loan 7 Note, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Monroe Park Properties LLC in the amount of $104,000.00, together with all

accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Loan 7 Note, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

### Count 8 – Breach of Contract
### (Mielke - Mielke Guarantees)

120.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 119.

121.   The Mielke Guaranty 1, Joint Guaranty, Mielke Guaranty 3, Mielke Guaranty 4, Mielke Guaranty 5, Mielke Guaranty 6, and Mielke Guaranty 7 (collectively, the "Mielke Guarantees") are valid and binding contracts.

122.   Pursuant to the Mielke Guarantees, Mielke guaranteed the payment in full of all indebtedness owing by Monroe Park to Cadence.

123.   Cadence has fulfilled its obligations under the Mielke Guarantees.

124.   Mielke is in breach of the Mielke Guarantees for, among other reasons, failing to pay the indebtedness due and owing by Monroe Park to Cadence under the Loans despite written demand from Cadence.

125.   As a consequence of Mielke's breach of the Mielke Guarantees, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Paul Monroe Mielke III, in the amount of $749,973.97, together with all accruing

interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Mielke Guarantees, and other legally recoverable amounts. Cadence prays for such other and further relief as this Court deems appropriate.

<u>**Count 9 – Breach of Contract**</u>
**(Cummings - Cummings Guarantees)**

126. Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 125.

127. The Cummings Guaranty 1, Joint Guaranty, Cummings Guaranty 3, Cummings Guaranty 4, Cummings Guaranty 5, Cummings Guaranty 6, and Cummings Guaranty 7 (collectively, the "<u>Cummings Guarantees</u>") are valid and binding contracts.

128. Pursuant to the Cummings Guarantees, Cummings guaranteed the payment in full of all indebtedness owing by Monroe Park to Cadence.

129. Cadence has fulfilled its obligations under the Cummings Guarantees.

130. Cummings is in breach of the Cummings Guarantees for, among other reasons, failing to pay the indebtedness due and owing by Monroe Park to Cadence under the Loans despite written demand from Cadence.

131. As a consequence of Cummings' breach of the Cummings' Guarantees, Cadence has suffered damages as set out herein.

WHEREFORE, premises considered, Cadence prays for judgment against Cody Cummings in the amount of $749,973.97, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Cummings Guarantees, and other legally recoverable amounts. Cadence prays for such other and further relief as this Court deems appropriate.

### Count 10 – Breach of Contract
**(Kinney - Kinney Guarantees)**

132.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 131.

133.   The Joint Guaranty, Kinney Guaranty 2, Kinney Guaranty 3, and Kinney Guaranty 4 (collectively, the "Kinney Guarantees") are valid and binding contracts.

134.   Pursuant to the Kinney Guarantees, Kinney guaranteed the payment in full of all indebtedness owing by Monroe Park to Cadence.

135.   Cadence has fulfilled its obligations under the Kinney Guarantees.

136.   Kinney is in breach of the Kinney Guarantees for, among other reasons, failing to pay the indebtedness due and owing by Monroe Park to Cadence under the Loans despite written demand from Cadence.

137.   As a consequence of Kinney's breach of the Kinney Guarantees, Cadence has suffered damages as set out herein.

34

WHEREFORE, premises considered, Cadence prays for judgment against Benjamin M. Kinney in the amount of $749,973.97, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Mielke Guarantees, and other legally recoverable amounts.  Cadence prays for such other and further relief as this Court deems appropriate.

### Count 11 – Breach of Contract
**(Suarez - Suarez Guarantees)**

138.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 137.

139.   The Joint Guaranty, the Suarez Guaranty 2, Suarez Guaranty 3, and Suarez Guaranty 4 (collectively, the "Suarez Guarantees") are valid and binding contracts.

140.   Pursuant to the Suarez Guarantees, Suarez guaranteed the payment in full of all indebtedness owing by Monroe Park to Cadence.

141.   Cadence has fulfilled its obligations under the Suarez Guarantees.

142.   Suarez is in breach of the Suarez Guarantees for, among other reasons, failing to pay the indebtedness due and owing by Monroe Park to Cadence under the Loans despite written demand from Cadence.

143.   As a consequence of Suarez's breach of the Suarez Guarantees, Cadence has suffered damages as set out herein.

35

WHEREFORE, premises considered, Cadence prays for judgment against Christopher P. Suarez in the amount of $749,973.97, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Cadence in collecting the indebtedness owing under the Suarez Guarantees, and other legally recoverable amounts. Cadence prays for such other and further relief as this Court deems appropriate.

### COUNT 12 – Breach of Contract
### (Monroe Park, H4IT, Kinney and Suarez – Mortgages)

144.   Cadence incorporates herein all of the allegations and averments set forth in paragraphs 1 through 143.

145.   The Loan 1 Mortgage, Loan 2 Mortgage, Loan 3 Mortgage, Loan 4 Mortgage, Loan 5 Mortgage, Loan 6 Mortgage, and Loan 7 Mortgage (collectively, the "Mortgages") are valid and binding contracts.

146.   Pursuant to their respective Mortgages, Monroe Park, H4IT, Kinney and Suarez agreed, among other things, to maintain the insurance required thereunder and to pay the ad valorem taxes owing on the real property made subject of the Mortgages.

147.   Cadence has fulfilled its obligations under the Mortgages.

148.   Monroe Park, H4IT, Kinney and Suarez are in breach of the Mortgages for, among other reasons, failing to maintain the insurance required

thereunder and failing to pay the ad valorem taxes owing on the real property made subject of the Mortgages as more particularly set forth in paragraphs 64-70.

149.   As a consequence of the breaches by Monroe Park, H4IT, Kinney and Suarez of their respective Mortgages, Cadence has suffered damages as a result of tax liens on its real property collateral and force-placed insurance costs.

WHEREFORE, premises considered, Cadence prays for judgment of specific performance requiring Monroe Park, H4IT, Kinney and Suarez to provide evidence of insurance required under their respective Mortgages and to provide evidence that the ad valorem taxes owing on the real property made subject of their respective Mortgages have been paid current and redeemed from any tax sales. Cadence prays for such other and further relief as this Court deems appropriate.

Dated this the 15th day of August, 2023.

/s/ T. Parker Griffin, Jr.
T. Parker Griffin, Jr.
Attorney for Cadence Bank,
successory by merger to
BancorpSouth Bank

**OF COUNSEL:**

T. Parker Griffin, Jr.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
pgriffin@bradley.com

37

**PLEASE RETURN SUMMONS AND COMPLAINT TO PLAINTIFF'S COUNSEL FOR SERVICE ON DEFENDANTS AS FOLLOWS:**

Monroe Park Properties
c/o Paul Mielke
2012 1st Avenue North
Birmingham, Alabama 35203

Paul Monroe Mielke III
2045 Clubview Street
Montgomery, Alabama 36106

Cody Cummings
265 County Rd. 240
Thorsby, Alabama 35171

Benjamin M. Kinney
277 Briar Rd.
Bellingham, Washington 98225

Christopher P. Suarez
14405 NW Killin Rd.
Banks, Oregon 97106

4884-1694-2198.2